999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert W. RYALL; Margit Ryall, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-1994.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Taxpayers Robert W. Ryall and Margit Ryall appeal a tax court decision upholding the Commissioner's assessment of an income tax deficiency for tax year 1984 and the imposition of additions to tax and negligence penalties under I.R.C. §§ 6621 and 6653(a)(1) and (2). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Counsel for both parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1984, taxpayers entered a joint venture agreement to lease master recordings of children's stories for the purpose of producing audio cassettes as part of an investment scheme developed by Structured Shelters, Inc., and promoted by Thomas A. Graham. The Ryalls relied solely on the advice of Graham regarding the investment. In their joint 1984 federal income tax return, which was prepared by Graham, taxpayers claimed $18,186 in deductions resulting from their investment.
 
 
 3
 The Commissioner disallowed the deductions on grounds that taxpayers did not participate in the investment scheme for profit and that the scheme lacked economic substance. The Commissioner assessed an income tax deficiency and imposed additions to tax based on taxpayers' negligence pursuant to I.R.C. § 6653 and their participation in a tax motivated transaction pursuant to I.R.C. § 6621.
 
 
 4
 Taxpayers filed a petition for redetermination in the tax court. Prior to trial, taxpayers stipulated that the investment scheme lacked economic substance. Following a bench trial, the tax court determined that there was an income tax deficiency of $3,784 attributable to taxpayers' participation in a tax motivated transaction and that taxpayers were liable for the additions to tax assessed by the Commissioner.
 
 
 5
 Upon review, we conclude that the tax court correctly determined that taxpayers are liable for the deficiencies and additions to tax arising from their participation in a transaction lacking economic substance. See Illes v. Commissioner, 982 F.2d 163, 164 (6th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1579 (1993); Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir.1992).
 
 
 6
 Taxpayers' stipulation that the scheme lacked economic substance makes unnecessary any inquiry into whether they were motivated by profit. See Illes, 982 F.2d at 165. The entire transaction is disallowed for federal income tax purposes and no deduction is allowed. See id.; Mahoney v. Commissioner, 808 F.2d 1219, 1220 (6th Cir.1987).
 
 
 7
 The tax court was not clearly erroneous in finding that taxpayers were negligent for failing to seek an independent evaluation of the proposed investment scheme. See Leuhsler, 963 F.2d at 910. Taxpayers' assertion that they are unsophisticated investors who were entitled to rely solely on the advice of the promoter is unpersuasive.
 
 
 8
 Lastly, the tax court correctly determined that taxpayers are liable for an addition to tax under I.R.C. § 6621(c). Section 6621(c)'s increased interest rate applies to "[a]ny deduction disallowed for any period under section 165(c)(2), relating to any transaction not entered into for profit." 26 C.F.R. § 310.6621-2T (temporary IRS regulation, published at 49 FR 50391 (Dec. 28, 1984)).
 
 
 9
 Accordingly, the decision of the tax court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.